IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                CASE NO. 1:07-cr-00014-MP -AK

SCOTTY PLATE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 370, Mr. Plate's Motion for Independent Action Pursuant to Rule 60 of the Federal Rules of Civil Procedure. The motion should be denied for several reasons.

First, Fed. R. Civ. P. 60 cannot be used to challenge a conviction or sentence in a criminal case. Instead, the motion must be brought under Fed. R. Crim. P. 35 within 14 days of the sentence. Alternatively, Mr. Plate would have to bring a motion under 28 U.S.C. § 2255, but such a motion should have been filed within one year after his sentencing. Thus, however it is construed, this motion is procedurally defaulted.

On the merits, Mr. Plate's argument also fails. Mr. Plate attacks his sentence as being calculated based on an erroneous criminal history. Specifically, he contends that the Court erred in adding a criminal history point for Case No. 2001-CF-108, a Sumter County, FL case. First, he claims that he did not plead guilty. The docket sheet of the case indicates, however, that he pled guilty on July 16, 2001. Also, since adjudication was withheld, he contends that "by the operation of Florida Law this conviction does not exist." The Federal Sentencing Guidelines,

however, specifically address whether such a diversionary disposition should be counted. Under U.S.S.G. § 4A1.2(f), "A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under 4A1.1(c) even if a conviction is not formally entered...". U.S.S.G. 4A1.2, Application Note 9, states, "Section 4A1.2(f) requires counting prior adult diversionary dispositions if they involved a judicial determination of guilty or an admission of guilt in open court. This reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."

The Eleventh Circuit applied this rule to withheld adjudications in U.S. vs Rockman, 993 F.2d 811 (11th Cir 1993), stating:

> "In this Sentencing Guidelines case, we hold that where a court withholds adjudication of guilt after a nolo contendere plea, the plea does not constitute a "prior sentence" under section 4Al.2(a)(1) of the Sentencing Guidelines; we also hold, however, that such a prior offense is a "diversionary disposition" under section 4A1.2(f) of the Sentencing Guidelines and is counted as a prior sentence in computing the criminal history category."

Thus, although it does not count under subsection (a), it does count under subsection (f) and was properly counted in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for independent action, Doc. 370, is denied.

**DONE AND ORDERED** this *15th* day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:07-cr-00014-MP -AK*